ORIGINAL

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

3-11CV1791-B

| | | |
|---|---|---|
| IN RE: | § § | |
| HALLWOOD ENERGY, L.P., a Delaware Limited Partnership, et al., Debtors. | § § § § § | CASE NO. 09-31253-SGJ-11 (JOINTLY ADMINISTERED) |
| RAY BALESTRI, TRUSTEE OF THE HALLWOOD ENERGY I CREDITORS' TRUST, as successor-in-interest to Hallwood Energy, L.P., Plaintiffs, and FEI SHALE L.P. and HALL PHOENIX/INWOOD LTD., Plaintiffs-in-Intervention, vs. THE HALLWOOD GROUP INCORPORATED, Defendant. | § § § § § § § § § § § § § § § § § § § § | ADVERSARY NO. 09-03082-SGJ |

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 26 2011
CLERK, U.S. DISTRICT COURT
By _____ Deputy

<u>*SUA SPONTE* REPORT AND RECOMMENDATION TO THE DISTRICT COURT
RECOMMENDING THAT IT: (A) WITHDRAW THE REFERENCE FROM THE
BANKRUPTCY COURT IN THE ABOVE-REFERENCED ADVERSARY PROCEEDING
INVOLVING "NON-CORE" MATTERS (WHERE DEFENDANT HAS
NOT CONSENTED TO FINAL ORDERS BEING ENTERED BY BANKRUPTCY COURT);
AND (B) ADOPT ATTACHED FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
JUDGMENT PROPOSED BY THE BANKRUPTCY COURT</u>

This *sua sponte* Report and Recommendation to the District

Court by the bankruptcy court is made pursuant to 28 U.S.C.

§ 157(c) & (d), in a slightly unusual procedural context.

By way of background, the above-referenced adversary proceeding (the "Action") relates to the bankruptcy case styled *In re Hallwood Energy, L.P., a Delaware Limited Partnership, et al.* (the "Debtor"), Case No. 09-31253-SGJ-11 (the "Bankruptcy Case"), pending before Bankruptcy Judge Stacey G. C. Jernigan. Turning to the particulars of the Action, there are three plaintiffs in the Adversary Proceeding: (1) Ray Balestri (the "Trustee"), the Trustee of the so-called Hallwood Energy I Creditors' Trust (a post-confirmation litigation trust that was created pursuant to a confirmed Chapter 11 plan in the Bankruptcy Case); (2) Hall Phoenix/Inwood Ltd. ("HPI"), the former, primary secured creditor of the Debtor;[1] and (3) FEI Shale L.P ("FEI"), which was party to a significant, pre-petition Acquisition and Farmout Agreement (the "Farmout Agreement") with the Debtor, pursuant to which FEI funded approximately $105 million to the Debtor. The sole Defendant in the Adversary Proceeding is the former controlling equity holder of the Debtor, the Hallwood Group Incorporated (the "Hallwood Group," "HGI," or "Defendant"), a publicly traded company that is not itself in bankruptcy.

The crux of the Adversary Proceeding is that the Defendant breached a prepetition "Equity Support Agreement" dated June 9, 2008 (the "Equity Support Agreement or "ESA"), between the Debtor

---

[1] HPI extended well over $115 million of credit to the former Debtor.

and the Defendant, by not providing approximately $3.2 million (out of $12.5 million) of funding it was allegedly contractually obligated to provide to the Debtor (prepetition). The Trustee, as the post-confirmation estate representative, has alleged breach of contract and turnover (of the $3.2 million) pursuant to Section 542 of the Bankruptcy Code. Since FEI (again, a party to a separate Farmout Agreement) was explicitly defined as a third-party beneficiary under the Equity Support Agreement, it is a co-plaintiff/intervenor on the claim of breach of contract as to the Equity Support Agreement.

But there is much more to this Action than simple breach of contract. The breach of the Equity Support Agreement allegedly led to a ripple effect of: (a) the Debtor's loss of $20 million of funding that FEI might have otherwise provided to the Debtor under its Farmout Agreement with the Debtor, if not for the Defendant's failure to fund the $3.2 million; (b) the Debtor's eventual default under its $115 million secured credit facility with co-plaintiff, HPI; and (c) other losses to the Debtor and its creditors.

FEI, as intervenor-plaintiff, has separately brought claims in the Adversary Proceeding for not only breach of contract, but also various state-law torts, including "Fraud by Non-Disclosure." The argument made with regard to this tort is that the Defendant failed to disclose to FEI important information to FEI's detriment. Relatedly, both FEI and the Trustee/HPI have

-3-

brought tortious interference with contract claims (*i.e.*, the Defendant tortiously interfered with the Farmout Agreement between the Debtor and FEI).

The bankruptcy court has determined that there is bankruptcy subject matter jurisdiction in the Action, pursuant to 28 U.S.C. § 1334(b), as the proceeding is "related to" the Bankruptcy Case,[2] but that primarily "non-core" matters are involved in the Action, as contemplated by 28 U.S.C. §§ 157(b) and 1334(b). **The Plaintiffs have consented to the bankruptcy court entering final orders in the Action. However, the Defendant has not consented to the bankruptcy court entering final orders.** Although the Defendant originally filed a motion asking the District Court to withdraw the reference on January 19, 2010,[3] and the Clerk of the District Court opened Civil Action #3:10-CV-00195-N, such motion was ultimately withdrawn[4] by the Defendant, HGI (with the caveat that HGI still did not consent to the bankruptcy court entering a final judgment on non-core matters).[5] 28 U.S.C. § 157(c) & (d). The bankruptcy court understands that Civil Action # 3:10-CV-00195-N is still open.

In any event, all of this creates the "slightly unusual

---

[2] The Action was filed on March 30, 2009—prior to a confirmed plan in the Bankruptcy Case.

[3] *See* DE # 113 in the Action.

[4] *See* DE # 201 in the Action.

[5] A jury demand also was withdrawn.

-4-

procedural context" of this Action, as mentioned in the first paragraph of this Report. Although no party has a pending request that the District Court withdraw the reference in this Action, where a bankruptcy court determines that it is necessary, a *sua sponte* report and recommendation is appropriate.[6]

To summarize, the bankruptcy court has had authority to **hear** the above-referenced Action involving "non-core" disputes that are "related to" the Debtor's Bankruptcy Case. However, it cannot enter final orders in the Action, because of the lack of consent by the Defendant. Rather, the bankruptcy court must merely submit proposed findings and conclusions to the District Court for it to accept, reject, modify, receive further evidence, or recommit the matter to the bankruptcy judge with instructions. *See* 28 U.S.C. § 157(c)(1); Fed. R. Bankr. P. 9033.

Fast-forwarding to the present, the bankruptcy court held a trial in the Action (the "Trial") over thirteen days in this court on October 18-22, November 19, 22, and 23, and December 3, 7, 8, 10, and 16, of 2010. The court heard from 20 different witnesses and received over 600 exhibits. Based upon the evidence presented, the court has ultimately proposed that: (a) the Trustee/HPI and FEI be held jointly entitled to an award of damages for breach of contract of **$3,200,000**, plus pre-judgment

---

[6] *See, e.g.*, Walsh v. Brush (In re Walsh), 79 B.R. 28 (D. Nev. 1987).; *see also In re Hughes*, No. 06-32726-sg7-7, 2007 WL 108774, *1 (Bankr. N.D. Tex. April 4, 2007).

and post-judgment interest, plus attorneys fees as may be requested and awarded pursuant to a post-judgment motion under Fed. R. Civ. Pro. 54(d)(2) (which should be allocated among the three parties, as required by agreement or by the confirmed Chapter 11 plan, or other orders of the court); and (b) FEI be held entitled to an additional award of damages for "fraud by non-disclosure" and tortious interference with contract, of **$15,485,714**, plus pre-judgment and post-judgment interest, plus attorneys fees as may be requested and awarded pursuant to a post-judgment motion under Fed. R. Civ. Pro. 54(d)(2). Since the bankruptcy court's decision (as embodied in the proposed, attached Findings of Fact, Conclusions of Law, and Judgment) would result in a full and final judgment disposing of the Action, the bankruptcy court hereby submits the attached ruling to the District Court, as necessitated by 28 U.S.C. § 157(c)(1), asking the District Court to now: (a) withdraw the reference in the Action for purposes of considering the bankruptcy court's proposed ruling (attached); and (b) either enter, decline, or otherwise act upon the ruling as deemed appropriate.

<u>Signed</u>: July 26, 2011

Respectfully submitted,

_____
Stacey G. C. Jernigan
United States Bankruptcy Judge