IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAY BALESTRI, TRUSTEE, *et al.*, | § | |
| | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-1791-N |
| | § | |
| THE HALLWOOD GROUP, INC., | § | |
| | § | |
|     Defendant. | § | |

# ORDER

This Order addresses the Bankruptcy Court's report and recommendation in *Balestri et al. v. The Hallwood Group, Inc.*, Adversary No. 09-3082-SGJ, arising out of *In re Hallwood Energy, L.P.*, Case No. 09-31253-SGJ-11, and the associated objections filed in this Court. This matter is before the Court in the somewhat unusual procedural posture of 28 U.S.C. § 157(c) and (d) and FED. R. BANKR. P. 9033(d). Under those provisions, a district court reviews a bankruptcy court's proposed findings of fact and conclusions of law much as it would review the findings, conclusions, and recommendations of a magistrate judge under 28 U.S.C. § 636(b) and FED. R. CIV. P. 72. *See* FED. R. BANKR. P. 9033 1987 advisory committee's note ("This rule, which is modeled on Rule 72 F.R. Civ. P., provides the procedure for objecting to, and for review by, the district court of specific findings and conclusions. . . . Subdivision (d) adopts the de novo review provisions of Rule 72(b) F.R. Civ. P."). As suggested by the Bankruptcy Court, this Court now withdraws the reference of this adversary proceeding. After de novo review of those portions to which timely

objection was made, and review for plain error of the balance, the Court overrules the objections and adopts the Bankruptcy Court's careful and thorough Proposed Findings of Fact, Conclusions of Law, and Judgment Awarding Various Monetary Damages (the "Proposed Findings"), except as modified below.

The factual background of this dispute is amply set forth in the Bankruptcy Court's Proposed Findings, so the Court will not repeat that background and will address particular facts only as necessary to consider the objections. The Court adopts the same defined terms and abbreviations as used in the Proposed Findings.

## I. Value Received

Defendant HGI objects that FEI's tort damages as found by the Bankruptcy Court fail to account for the value FEI received. The short answer is that FEI received no value for its additional $15 million investment. The Farmout Agreement was structured in an unusual way. FEI did not receive a specific interest for each dollar it invested. Rather, as it hit defined milestones, it received an incremental interest in HELP's properties. Put visually, if one were to graph the interest FEI received against the dollars it invested, it would look like a stairstep, rather than a straight line. The additional $15 million FEI invested here did not bring it to the next "step" or milestone. So, FEI did not receive any value under the Farmout Agreement for its additional investment. When an injured plaintiff does not receive anything of value as a consequence of the fraud, the damages are better understood as reliance damages: FEI is entitled to recover what it invested in reliance on HGI's fraud.

The Court is not suggesting that FEI is financially irrational. FEI intended its investment to enhance the value of its interest in HELP's properties by avoiding losses, e.g., when suppliers and service providers with liens on the properties were paid with the proceeds of FEI's additional $15 million investment. This does not appear to the Court to be the kind of "value received" that Texas law requires be deducted from a defrauded investor's damages. Rather it appears to be the kind of "loss avoided" offset to reliance damages that Texas law places the burden on the defendant to prove. *Cf. Mistletoe Express Serv. v. Locke*, 762 S.W.2d 637, 639 (Tex. App. – Texarkana 1988, no writ) (in assessing contractual reliance damages, defendant "had the burden to prove that amount [of loss avoided], if any, and it did not do so" (citing RESTATEMENT (SECOND) OF CONTRACTS § 349 cmt. a (1981))). Likewise here, HGI did not prove the amount of losses that FEI avoided by virtue of HGI's fraud and therefore is not entitled to an offset for that amount.[1]

HGI also objects that in claiming damages for the amounts not reclaimed from the Project Account, FEI likewise fails to reduce its damages by the value it received by virtue of not reclaiming. FEI apparently agrees with this objection and points to evidence in the

---

[1]Which amount the Court suspects would be close to zero if it reopened evidence to permit calculation of that number. The fact that HGI did not offer any proof as to the amount of loss FEI avoided suggests that HGI is more interested in pursuing a legal argument that FEI's damage award should be thrown out entirely due to a failure of proof than it is in actually ascertaining the amount of offset. That suggests that HGI shares the Court's assessment that the amount of offset would be de minimus.
Alternatively, based on the record at trial, the Court finds the value received by FEI to be de minimus. *See* FEI's Resp. to HGI's Objections 19 nn.18-19 (citing to trial record).

record establishing that amount as $19,415. *See* FEI's Resp. to HGI's Objections at 19 n.17. The Court so finds and reduces FEI's tort damages in the Proposed Findings by $19,415.

## II. REASONABLE AND JUSTIFIABLE RELIANCE AND DUTY TO DISCLOSE

HGI objects that the Bankruptcy Court failed to find an essential element of FEI's fraud claim: reasonable or justifiable reliance. This Court thinks that finding is probably implicit in the Proposed Findings, if not explicit. But to avoid any issue, the Court finds that FEI both reasonably and justifiably relied on HGI's nondisclosure.

HGI also complains that the Bankruptcy Court failed to articulate expressly its conclusion that HGI had a duty to disclose. The Court believes that holding is implicit, if not explicit. *See* Proposed Findings ¶ 198 & n.207. To remove uncertainty, however, the Court will directly address HGI's duty to disclose.

Whether a party has a duty to disclose is a question of law. *See Bradford v. Vento*, 48 S.W.3d 749, 755 (Tex. 2001). Under Texas law, a person who makes a representation but fails to disclose new information that makes the earlier representation misleading or untrue has a duty to disclose the new information. *See Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 435 (Tex. 1986) (disclosure of proposed bonus plan gives rise to duty to disclose different amended plan approved afterwards); *In re Enron Corp. Secs. Deriv. & ERISA Lit.*, 490 F. Supp. 2d 784, 794 (S.D. Tex. 2007) (Texas law, collecting cases). The Court finds that on numerous occasions prior to January 26, 2009, HGI through its authorized representatives had disclosed to FEI that HGI intended to comply with its contractual obligations to fund under the ESA and did not intend to file bankruptcy in the near future.

The Court further finds that by no later than January 26, 2009, HGI's plans in that regard had changed to such an extent that its earlier representations regarding its intent to comply with the ESA and not to file bankruptcy were both misleading and untrue. The Court, therefore, concludes that HGI had a duty to disclose its change of plans regarding the ESA and bankruptcy to FEI. In view of this holding, the Court finds it unnecessary to address any further bases of HGI's duty to disclose.

### III. TIME OF FRAUD

FEI objects to the Bankruptcy Court's proposed finding that HGI's fraud became actionable on January 26, 2009. The Court agrees with some of FEI's legal arguments, but reaches the same ultimate result as the Bankruptcy Court, albeit by a slightly different path. The Bankruptcy Court determined that Gumbiner's actions alone could not constitute fraud by nondisclosure on the part of HGI, but rather that "for fraud to be attributed to HGI, there should be some awareness and acquiescence (if not full-fledged participation) by some others in control at HGI." Proposed Findings ¶ 195. FEI points the Court to Texas cases dealing with vice-principals, holding corporations liable for the acts of vice-principals without requiring further corporate adoption or ratification. That doctrine arose in the context of finding corporate liability for punitive damages for the acts of a vice-principal. *See, e.g.*, *Hammerly Oaks, Inc. v. Edwards*, 958 S.W.2d 387, 391-92 (Tex. 1997). The more pertinent case law addresses when a corporation is vicariously liable for the torts of its employees. "Under the doctrine of respondeat superior, an employer is vicariously liable for the negligence of an agent or employee acting within the scope of his or her agency or

employment . . . ." *Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947 (Tex. 1998). "To determine whether an employee's acts are within the scope of his or her employment, we ask whether the employee's actions fall within the scope of the employee's general authority, are in furtherance of the employer's business, and are for the accomplishment of the object for which the employee was hired." *Milan v. Dean Witter Reynolds, Inc.*, 90 S.W.3d 760, 767-68 (Tex. App. – San Antonio 2002, pet. denied) (en banc) (addressing fraud claim, citing *Leadon v. Kimbrough Bros. Lumber Co.*, 484 S.W.2d 567, 569 (Tex. 1972), *Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 357 (Tex. 1971) & *Darensburg v. Tobey*, 887 S.W.2d 84, 89 (Tex. App. – Dallas 1994, writ denied)).  Under this test, the Court finds that Gumbiner's actions were within the scope of his employment by HGI and are attributable to HGI, and that HGI is therefore vicariously liable for Gumbiner's fraudulent acts.

There remains the question of *when* HGI should have disclosed a material fact.  HGI's decisions not to fund its ESA obligations and to file for bankruptcy evolved over a period of time.  Fraud by nondisclosure arises out of a failure to disclose a material fact; mere speculation or contemplation of possible plans is not an actionable material fact.  *See Hoggett v. Brown*, 971 S.W.2d 472, 487 (Tex. App. – Houston [14th Dist.] 1997, pet. denied) (mere suggestion of possibility of merger by attorney does not give rise to duty to disclose when no actual plan discussed or implemented until three months later); *Citizens Nat'l Bank v. Allen Rae Invs., Inc.*, 142 S.W.3d 459, 477-78 (Tex. App. – Fort Worth 2004, no pet.) (discussing whether information not disclosed was actionable fact or mere opinion); *Springs*

*Window Fashions Div., Inc. v. Blind Maker, Inc.*, 184 S.W.3d 840, 877-78 (Tex. App. – Austin 2006, pet. granted, judgm't vacated w.r.m.) (failure to disclose change of intentions regarding marketing plan is actionable nondisclosure); *cf. Hartnett v. Ryan Homes, Inc.*, 496 F.2d 832, 838 (3d Cir. 1974) (discussing when plans are sufficiently concrete to require disclosure under securities laws). The Court finds that merely contemplating different business strategies is too tentative to rise to the level of a material fact. Pinpointing an exact time when HGI's plans were sufficiently concrete to require disclosure is to some degree subjective, and reasonable people could reach different conclusions. As finder of fact, though, the Court must decide on a date based on the record before it. The Court finds that HGI's contemplations of not funding its ESA obligations and filing for bankruptcy were too inchoate to require disclosure until January 26, 2009, but became sufficiently concrete by the close of business on January 26, 2009 that disclosure was required.[2]

Thus, the Court ultimately reaches the same result as the Bankruptcy Court: HGI committed fraud by nondisclosure as of January 26, 2009. The Court sustains FEI's objection that the Proposed Findings contains a typographical error transposing the adjustment amount on which prejudgment interest is allowed, allowing the interest on the amount deducted ($2,053,194.82), rather than on the amount added ($2,538,908.82). In view of the Court's upholding the Bankruptcy Court's recommendation on fraud by nondisclosure,

---

[2] Given Gumbiner's degree of control over HGI, the board of directors' later ratification of those decisions was nothing more than a foregone formality.

the Court finds it unnecessary to address FEI's objections to the Bankruptcy Court's finding against FEI on its fraud by misrepresentation claim.

The Court has reviewed de novo all other matters to which objection was made and overrules the objections essentially for the reasons stated by the Bankruptcy Court in support of its findings and conclusions in the Proposed Findings.[3] Except as expressly modified here, the Court otherwise adopts as its own the Proposed Findings.

Signed April 24, 2012.

_____
David C. Godbey
United States District Judge

---

[3]HGI, in its objections, objected to the "proposed dates used to calculate prejudgment interest, but [reserved] its analysis for the appropriate time when the parties calculate such interest." HGI Objections 12. But the appropriate time is now. HGI failed to brief or otherwise explain its objection. The Court holds that HGI has waived its objection to the dates used to calculate prejudgment interest. Reviewing for plain error, the Court concludes that even if the accrual dates are in error, it is not plain error as refusal to correct such an error would not seriously affect the fairness, integrity, or public reputation of judicial proceedings. *See Norton v. Dimazana*, 122 F.3d 286, 289 (5th Cir. 1997). Accordingly, the Court will calculate prejudgment interest from the dates stated in the Proposed Findings at 5% simple interest, not compounded, pursuant to Texas law.

ORDER – PAGE 8